Rick Bergstrom (State Bar No. 169594)
Josh Dutton (State Bar No. 328750)
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121
Telephone:  +1.858.314.1200
Facsimile:   +1.844.345.3178
Email:       rbergstrom@jonesday.com
Email:       jdutton@jonesday.com

Attorneys for Defendants
CYTEC ENGINEERED MATERIALS INC.,
CYTEC INDUSTRIES INC., CYTEC
AEROSPACE MATERIALS (CA) INC.,
CYTEC PROCESS MATERIALS (CA) INC.,
SOLVAY USA INC., SOLVAY
CHEMICALS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOSE JAUREGUI, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTEC ENGINEERED MATERIALS INC., a Delaware corporation, CYTEC INDUSTRIES INC., a Delaware corporation, CYTEC AEROSPACE MATERIALS (CA) INC., a California corporation, CYTEC PROCESS MATERIALS (CA) INC., a Delaware corporation, SOLVAY USA INC., a Delaware corporation, SOLVAY CHEMICALS, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: 8:20-cv-02440**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446**<br><br>**FEDERAL QUESTION AND DIVERSITY JURISDICTION**<br><br>Complaint Filed: October 14, 2020 |

PLEASE TAKE NOTICE THAT Defendants Cytec Engineered Materials Inc., Cytec Industries Inc., Cytec Aerospace Materials (CA) Inc., Cytec Process Materials (CA) Inc., Solvay USA Inc., and Solvay Chemicals, Inc. (collectively, "Defendants") remove this matter from the Orange County Superior Court to the United States District Court for the Central District of California under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  The grounds for removal are set forth below.

## Claims Asserted in Complaint

1. On October 14, 2020, plaintiff Jose Jauregui, on behalf of himself and all others similarly situated ("Plaintiff"), filed a Class Action Complaint (the "Complaint") against Defendants in Orange County Superior Court, Case No. 30-2020-01164932-CU-OE-CXC, captioned *Jose Jauregui, on behalf of himself and other similarly situated, Plaintiff v. Cytec Engineered Materials, Inc., et al.; and DOES 1 through 50, inclusive, Defendants*.

2. In the Complaint, Plaintiff asserts class and individual claims for: (1) unfair competition (Business and Professions Code § 17200, *et seq*.); (2) failure to pay minimum wages (Labor Code §§ 1194, 1197, and 1197.1); (3) failure to pay overtime wages (Labor Code §§ 510, *et seq*.); (4) failure to provide meal periods (Labor Code §§ 226.7, 512, and the applicable IWC wage order); (5) failure to provide rest periods (Labor Code §§ 226.7, 512, and the applicable IWC wage order); (6) failure to provide complete and accurate wage statements (Labor Code § 226); and (7) failure to reimburse required expenses (Labor Code § 2802).

## Compliance with Statutory Requirements

3. On December 4, 2020, Plaintiff served Defendants with the Summons and Complaint.  Defendants' removal of this action is therefore timely because Defendants are removing this matter within 30 days of completion of service of the Complaint.  *See* 28 U.S.C. § 1446(b); Cal. Code Civ. P. §§ 415.10, 415.30.  In accordance with 28 U.S.C. § 1446(a), copies of Plaintiff's Summons and Complaint are attached to this Notice of Removal as Exhibit A.

4. Defendants filed their Answer to Plaintiff's Complaint in state court on December 29, 2020. A copy of Defendants' Answer is attached to this Notice of Removal as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange. A copy of Defendants' Notice to State Court and Adverse Party of Removal of Action from State Court to the United States District Court for the Central District of California (without exhibits) is attached to this Notice of Removal as Exhibit C.

## Venue

6. Venue lies in the United States District Court of the Central District of California under 28 U.S.C. § 1391(a) and 1441(a) because the Complaint was filed in this District in the Orange County Superior Court.

## Jurisdiction: Federal Question

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a) because the Complaint is founded upon claims "arising under the laws of the United States." In particular, Plaintiff's claim for unpaid overtime arises under the laws of the United States because it is completely preempted and supplanted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq*.

8. Removal jurisdiction exists where, although only state law claims are pleaded, those claims are completely preempted by federal law. *See Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428–29 (4th Cir. 2004). "To remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997–98 (9th Cir. 1987). To be clear, where a state law claim is completely preempted and

1  supplanted by federal law, preemption is not "merely asserted as a defense" but rather is sufficient to create removal jurisdiction. *Id.*

9. All state law claims raised by employees who are represented by a union and that require interpretation of a CBA must be brought under Section 301. *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court." *Curtis et al. v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). The Supreme Court explained the reasoning behind this rule: "[I]f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law . . . is preempted and federal labor principles—necessarily uniform through the nation—must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988).

10. Plaintiff began his employment with Defendants in 2007 and remains employed by them. Since at least October 14, 2016 (i.e., four years before this lawsuit was filed), Plaintiff has been a member of the International Association of Machinists and Aerospace Workers ("IAMAW"), Local Lodge 906. As a union member, the terms and conditions of Plaintiff's work are subject to a collective bargaining agreement. The operative collective bargaining agreements expressly provide for wages, hours of work, working conditions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay for covered employees of not less than 30 percent more than the state minimum wage.

11. Although Plaintiff does not allege that he is a union member and that he is governed by a CBA, the lack of such allegations does not affect Section 301 preemption because resolution of Plaintiff's claims turns on interpretation of

3

provisions in the CBA. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

12. Plaintiff's claim for overtime pay is preempted under Section 301 because his collective bargaining agreements meet the requirements of Labor Code section 514, meaning his "right to overtime exists solely as a result of the CBA, and therefore is preempted under §301." *Curtis*, 913 F.3d at 1154–55. Section 514 states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Plaintiff's collective bargaining agreements expressly provide for the requirements of section 514. Thus, Plaintiff's claim for overtime pay is preempted under Section 301.

### Supplemental Jurisdiction

13. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claims for alleged failure to pay overtime. Plaintiff's remaining state law causes of action arise from the same series of events so as to form part of the same case or controversy under Article III of the United States Constitution. As such, supplemental jurisdiction is appropriate.

### Jurisdiction: Diversity

14. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. **Plaintiff's Citizenship**. Plaintiff is, and at all times since commencement of this action has been, a citizen and resident of the State of California within the meaning of 28 U.S.C. § 1332(a).

16. **Defendants' Citizenship**. Under 28 U.S.C. § 1446(c), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business."

    a. Defendant **Solvay USA Inc.**, is a corporation incorporated under the laws of Delaware, and its principal place of business is in New Jersey. So, it is a citizen for diversity-jurisdiction purposes of Delaware and New Jersey.

    b. Defendant **Cytec Engineered Materials Inc.**, is a corporation incorporated under the laws of Delaware, and its principal place of business is in Georgia. So, it is a citizen for diversity-jurisdiction purposes of Delaware and Georgia.

    c. Defendant **Cytec Industries Inc.**, is a corporation incorporated under the laws of Delaware, and its principal place of business is in New Jersey. So, it is a citizen for diversity-jurisdiction purposes of Delaware and New Jersey.

    d. Defendant **Cytec Aerospace Materials (CA) Inc.**, is a corporation incorporated under the laws of California, and its principal place of business is in California. So, it is a citizen for diversity-jurisdiction purposes of California.

    e. Defendant **Cytec Process Materials (CA) Inc.**, is a corporation incorporated under the laws of Delaware, and its principal place of business is in California. So, it is a citizen for diversity-jurisdiction purposes of Delaware and California.

    f. Defendant **Solvay Chemicals, Inc.**, is a corporation incorporated under the laws of Delaware, and its principal place of business is in Texas. So, it is a citizen for diversity-jurisdiction purposes of Delaware and Texas.

17. **Sham Defendant**. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules

of the state, the joinder of the resident is fraudulent. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant who was fraudulently joined for purposes of destroying diversity may be disregarded by the court in determining whether diversity exists and for purposes of removal jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

18. Defendant Cytec Aerospace Materials (CA) Inc. ("CAM (CA)") is a sham defendant fraudulently joined to defeat diversity jurisdiction. Plaintiff alleges all seven causes of action against CAM (CA) based on the allegation that there exists "a unity of interest and ownership" between CAM (CA) and the remaining Defendants. Compl. ¶ 7. However, CAM (CA) is an entirely distinct entity from Cytec Engineered Materials Inc., Plaintiff's employer. CAM (CA) has never employed Plaintiff—Plaintiff has not performed any duties for CAM (CA) and he has never received any compensation from CAM (CA). Further, CAM (CA) is a non-functioning entity that has been closed down and has had no employees since January 1, 2015. Plaintiff therefore fails to state claims against CAM (CA) and its joinder is fraudulent.

19. Defendant Cytec Process Materials (CA) Inc. ("CPM (CA)") is a sham defendant fraudulently joined to defeat diversity jurisdiction. Plaintiff alleges all seven causes of action against CPM (CA). However, CPM (CA) is an entirely distinct entity from Cytec Engineered Materials Inc., Plaintiff's employer. CPM (CA) has never employed Plaintiff—Plaintiff has not performed any duties for CPM (CA) and he has never received any compensation from CPM (CA). Plaintiff therefore fails to state claims against CPM (CA) and its joinder is fraudulent.

20. **Amount in Controversy**. Although Defendants do not concede liability in any way, the amount in controversy in this action for Plaintiff, exclusive of interest and costs, exceeds the sum of $75,000 as required by 28 U.S.C. § 1332(a). *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Plaintiff seeks to recover unpaid overtime and minimum wage

compensation, meal and rest period premium pay, liquidated damages, statutory wage statement penalties, reimbursement of expenses, and costs and attorneys' fees. Compl. ¶¶ 61, 76, 93, 97, 101, 105, 109, Prayer for Relief.

21.   The aggregate amount in controversy based on Plaintiff's alleged claims well exceeds the amount in controversy threshold of $75,000 necessary to establish diversity jurisdiction using the conservative estimates[1] as follows[2]:

22.   <u>Third Cause of Action: Failure to Pay Overtime Compensation</u>. Plaintiff's third claim for relief seeks recovery of all overtime wages, interest, statutory costs, and statutory penalties. Compl. ¶ 93. Plaintiff alleges that Defendants implemented "a policy and practice that failed to accurately record overtime work," and that Defendants failed to pay for "work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek." Compl. ¶¶ 78, 83. Further, Plaintiff alleges that Defendants "failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay." Compl. ¶ 17. Given the allegations that, pursuant to its "policy and practice," Defendants allegedly failed to pay for all overtime worked, the amount placed in controversy by the overtime claim is at least $44,911.36. This calculation considers that Plaintiff was allegedly not paid four hours of overtime, at a rate of one-and-a-half times his standard rate of pay, each week, for four years. It also considers that Plaintiff was allegedly not paid one hour of overtime, at a rate of two times his standard rate of pay, each week, for four years. In addition to using Plaintiff's

---

[1] One reason the following estimates are conservative is because they use, for ease of calculation, Plaintiff's standard rate of pay in October 2016–$26.99 an hour–for all years, despite the fact that Plaintiff's pay has steadily increased between October 2016 and October 2020, as per the terms of Plaintiff's collective bargaining agreements.

[2] In providing the amount in controversy for purposes of removal, Defendants do not concede or acknowledge in any way that the allegations in Plaintiff's Complaint are accurate, that the allegations state a claim upon which relief may be granted, or that Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor do Defendants concede or acknowledge that any class or subclass may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

$26.99 standard rate of pay for all four years, this is a conservative estimate because it does not use Plaintiff's allegedly higher regular rate of pay, which Plaintiff claims was improperly calculated.

23. <u>Fourth Cause of Action: Failure to Provide Required Meal Periods</u>. Plaintiff's fourth claim for relief seeks premium wage payments for alleged meal period violations. Compl. ¶ 96. Plaintiff alleges that Defendants fail to provide "legally required meal breaks prior to their fifth (5th) hour of work" and "a second off-duty meal period in some workdays" where he was required to work ten hours of work. Compl. ¶ 95. The amount placed in controversy by the meal period claim is at least $11,227.84. This calculation assumes Plaintiff was allegedly not paid a premium for two missed meal periods each week, for four years.

24. <u>Fifth Cause of Action: Failure to Provide Required Rest Periods</u>. Plaintiff's fifth claim for relief seeks premium wage payments for alleged rest period violations. Compl. ¶ 100. Plaintiff alleges that he was denied rest periods of "at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and a second rest period of at least ten (10) minutes for some shifts worked of at least six (6) to eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time." Compl. ¶19. Plaintiff also alleges that he was provided non-complaint rest periods because Defendants' policy restricted Plaintiff from taking "unconstrained walks and requires [him] to remain on Defendants' premises." Compl. ¶19. The amount placed in controversy by the rest period claim is at least $11,227.84. This calculation assumes Plaintiff was allegedly not paid a premium for two missed rest periods each week, for four years.

25. <u>Sixth Cause of Action: Failure to Provide Accurate Itemized Wage Statements</u>. Plaintiff's sixth claim for relief seeks damages for Defendants' alleged failure to comply with Cal. Lab. Code § 226. Compl. ¶ 105. Section 226 imposes a $50 penalty for the first non-compliant wage statement, and an additional $100

penalty for every subsequent non-compliant wages statement, up to $4,000. Cal. Lab. Code § 226 (e)(1). The statute of limitations for seeking penalties under § 226 is one year. Defendants pay their hourly nonexempt employees weekly. Thus, Plaintiff's claim meets section 226's cap and places in controversy an additional amount of $4,000.

26. <u>Seventh Cause of Action: Failure to Reimburse Employees for Required Expenses</u>. Plaintiff's seventh claim for relief seeks reimbursement for expenditures incurred in the discharge of his job duties. Compl. ¶ 109. Plaintiff alleges that Defendants failed to reimburse Plaintiff for "costs related to using their personal cellular phones" for the benefit of Defendants. Compl. ¶ 108. The amount placed in controversy by the reimbursement claim is at least $5,200. This calculation considers that Plaintiff was allegedly not reimbursed $25 each week, for four years, for use of his personal cellphone.

27. Accepting the allegations in the Complaint as true for purposes of removal only, the amount-in-controversy threshold is easily exceeded by aggregating Plaintiff's minimum wages, overtime, meal period, rest period, wage statement, and reimbursement claims. Moreover, these calculations do not include the attorneys' fees that are placed in controversy, which may properly be considered for purposes of removal. *See Dittmar v. Costco Wholesale Corp.*, No. 14-CV-1156-LAB-JLB, 2015 WL 7106636, at *5 (S.D. Cal. Nov. 13, 2015) (approving use of 25% of amount in controversy for attorneys' fees calculation on removal). Here, 25% of the amount in controversy would equate to $19,141.76 in attorneys' fees.

| **Type of Relief Sought** | **Amount In Controversy** |
|---|---|
| Overtime | $44,911.36 |
| Meal Periods | $11,227.84 |
| Rest Periods | $11,227.84 |
| Wage Statements | $4,000 |

| | |
|---|---|
| Reimbursement | $5,200 |
| **TOTAL** | $76,567.04 |
| **TOTAL + ATTORNEYS' FEES** | $95,708.80 |

28. Adding the attorneys' fees to the previously established amount in controversy reinforces that the total amount at issue in this matter is well beyond the $75,000 threshold. This dispute plainly exceeds the minimum amount-in-controversy requirement for diversity jurisdiction.

## Conclusion

29. Based on the allegations above, this action is properly removed to this Court from the Superior Court of the State of California, County of Orange.

Dated: December 30, 2020            Jones Day

                                    By: */s/ Rick Bergstrom*
                                        Rick Bergstrom

                                    Attorneys for Defendants
                                    CYTEC ENGINEERED MATERIALS INC., CYTEC INDUSTRIES INC., CYTEC AEROSPACE MATERIALS (CA) INC., CYTEC PROCESS MATERIALS (CA) INC., SOLVAY USA INC., SOLVAY CHEMICALS, INC.