# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **X SA CV 20-02440-DOC-(DFMx)** | Date: March 26, 2021 |
| Case No. SA CV 21-00320-DOC-(DFMx) | |

Title: JOSE JAUREGUI v. CYTEC ENGINEERED MATERIALS, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION TO REMAND [20]; AND MOTION TO REMAND [10]**

Before the Court are Motion to Remand ("Motion") (Case No. 20-02440, Dkt. 20) and Motion to Remand (Case No. 21-00320, Dkt. 10) brought by Plaintiff Jose Jauregui ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

Having reviewed the moving papers submitted by the parties, the Court now DENIES Plaintiff's Motion.

## I.   Background

Unless otherwise stated, the facts below are taken from the Complaint (Case no. 20-02440, Dkt 1-1) ("Compl."). On October 14, 2020, Plaintiff filed this putative wage and hour class action against Defendant in Superior Court of California, Orange County. *See* Compl. According to the complaint, Defendant is a company that manufactures chemicals and plastics. *Id.* ¶ 3. Plaintiff was employed by Defendant as a non-exempt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02440-DOC-DFM  Date: March 26, 2021
Case No. SA CV 21-00320-DOC-DFM

Page 2

employee paid on an hourly basis since 2007. *Id.* He accuses Defendant of various state wage-and-hour law violations, asserting the following causes of action:

(1) Unfair Competition (Business and Professions Code § 17200, et seq.);
(2) Failure to pay minimum wages (Labor Code §§ 1194, 1197, and 1197.1);
(3) Failure to pay overtime wages (Labor Code §§ 510, et seq.);
(4) Failure to provide meal periods (Labor Code §§ 226.7, 512, and the applicable IWC wage order);
(5) Failure to provide rest periods (Labor Code §§ 226.7, 512, and the applicable IWC wage order);
(6) Failure to provide complete and accurate wage statements (Labor Code § 226); and
(7) Failure to reimburse required expenses (Labor Code § 2802).

*See generally* Compl.

On December 30, 2020, Defendants removed the case to this Court, asserting federal question jurisdiction over the case because Plaintiff's state law claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"); and relatedly, supplemental jurisdiction. Notice of Removal (Dkt. 1) ("NOR") ¶¶ 6–13; *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a). In the alternative, Defendants alleged that this Court has diversity jurisdiction. *See id.* ¶¶ 14–28; *see also* 28 U.S.C. § 1332.

Plaintiff now moves to remand, contending that (1) Plaintiff's claims are not preempted by § 301 of the LMRA, (2) Collective Bargaining Agreement ("CBA") cannot be used as a basis for removal, (3) the amount in controversy does not meet the $75,000 threshold, and (4) this Court does not have supplemental jurisdiction over the remaining claims. *See* Mot.

On February 05, 2021, Plaintiff, on behalf of the State of California, also filed a Private Attorneys General Act ("PAGA") only Complaint (the "PAGA Complaint") against Defendants (Case No. 21-00320, Dkt 1-1), alleging the same underlying Labor Code violations. Plaintiff asserted a claim for civil penalties pursuant to Labor Code 2699, et seq. for violations of Labor Code §§ 201, 202, 203, 204 et seq., 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, and California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B). *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02440-DOC-DFM  
Case No. SA CV 21-00320-DOC-DFM

Date: March 26, 2021

Page 3

On February 2, 2021, Defendants removed that case to this Court, asserting federal question jurisdiction and diversity jurisdiction. Notice of Removal (Case No. 21-00320, Dkt. 1). Plaintiff now moves to remand. Case No. 21-00320, Motion to Remand (Dkt 10).

## II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c*); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

## III.   Discussion

For the reasons discussed below, the Court finds that it has federal question jurisdiction over the matter because Plaintiff's overtime claim is preempted by § 301 of the LMRA. As such, the Court does not reach Plaintiff's argument that the amount in controversy does not meet the jurisdictional requirements under CAFA.

The LMRA is one of only a handful of statutes that the Supreme Court has held completely preempts state law. *See Curtis et al. v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). Therefore, "[i]f resolution of a state-law claims depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted" and the federal courts have jurisdiction over the claim. *Lingle v. Norge Div. of Magic Chief, Inc.*, 486 U.S. 399, 405–06 (1988).

The Ninth Circuit has articulated a two-part test to determine whether a state law claim is preempted by the LMRA. First, the court must determine whether the cause of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02440-DOC-DFM            Date: March 26, 2021
Case No. SA CV 21-00320-DOC-DFM

Page 4

action is based upon a right conferred on an employee by virtue of state law or by the CBA between the employee and the employer. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the right upon which the cause of action is based is conferred solely by the CBA, the claim is preempted and the inquiry ends there. *Id.* However, if the right exists independently of the CBA, the court must then consider whether the claim is substantially dependent on an analysis of the CBA. *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)). To make this determination, the court considers whether the claim requires the court to interpret the terms of the CBA or merely to "look to" the terms of the agreement. *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 122 n.16 (1994); *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000)). The central question is whether the meaning of the contract terms is in dispute: if the parties dispute the meaning of the relevant provisions of the agreement, the claim is likely preempted; conversely, if the parties do not dispute the meaning of the terms of the agreement, the claim is likely not preempted. *See Livadas*, 512 U.S. at 124–25; *see also Burnside*, 491 F.3d at 1060 ("For example, we know that neither looking to the CBA merely to discern that none of its terms is reasonably in dispute, nor the simple need to refer to bargained-for wage rates in computing [a] penalty, is enough to warrant preemption.") (internal quotation marks and citations omitted); *Firestone*, 219 F.3d at 1065 ("When the meaning of particular contract terms is not disputed, the fact that a collective bargaining agreement must be consulted for information will not result in § 301 preemption.").

      Here, Defendants assert that Plaintiff is part of the International Association of Machinists and Aerospace Workers ("IAMAW"), Local Lodge 906, and is therefore subject to a collective bargaining agreement ("CBA") that was negotiated between Defendant and Local Lodge 906. *See NOR* ¶¶ 7–12. Plaintiff does not dispute this fact. Therefore, the Court now addresses whether Plaintiff's claims are preempted by § 301 of the LMRA by virtue of the CBA.

### A. Overtime Claim

      Plaintiff asserts that his claims are not preempted by the LMRA because "the legal character of Plaintiff's claims exists outside the CBA, as Plaintiff seeks to vindicate rights that exist in accordance with state labor laws, not created by the CBA itself." Mot. at 10. In fact, Plaintiff's complaint does not at any point discuss the CBA. *See generally* Compl. Further, Plaintiff contends that Defendants' defensive reliance on and use of an alleged CBA does not create federal question jurisdiction. Mot. at 10–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02440-DOC-DFM
Case No. SA CV 21-00320-DOC-DFM

Date: March 26, 2021

Page 5

    Plaintiff alleges that Defendant violated § 510 of the California Labor Code, which provides a default rule for overtime compensation. However, this section also provides that the requirements "do not apply to the payment of overtime compensation to an employee working pursuant to ... [an] alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Cal. Lab. Code § 510. Section 514 specifies that § 510 does not apply to an employee under a valid CBA, which is defined as an agreement that "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." *Id.* § 514.

    In *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019), the Ninth Circuit concluded that claims for overtime pay are preempted by the LMRA where the CBA at issue qualifies under § 514 of the California Labor Code. In *Curtis*, the plaintiff worked on an oil platform and his employment was subject to CBAs that contained detailed provisions on wages, overtime, and work hours. *Id.* at 1150. The plaintiff's work schedule consisted of twelve-hour shifts for a seven-day period, during which he had to remain on the oil platform. *Id.* The plaintiff filed a putative class action alleging that his twelve off-duty hours on the oil platform counted as overtime under California labor laws because, as a practical matter, he was unable to leave the oil platform during that time. *Id.* The Ninth Circuit upheld the district court's dismissal of the overtime claim as preempted, pointing to California Labor Code § 514, which exempts an employer from California's overtime laws if a qualifying CBA is in place. *Id.* at 1153–54. The court further rejected the plaintiff's argument that the CBAs at issue did not meet the § 514 requirements because their definitions of overtime and overtime rates did not match the Labor Code's definitions. In doing so, the court pointed to California case law that held that qualifying CBAs under § 514 are exempted from the requirements of § 510 because "unionized employees [are allowed] to contract around section 510(a)'s requirements by 'bargaining over not only the rate of overtime pay, but also when overtime pay will begin." Id. at 1154–55 (quoting *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 111 (2014)). In other words, a person may contract away overtime protection rights under § 510.

    As such, the Court must determine whether the CBA in this case satisfies the requirements stated in § 514 to decide whether the CBA governs Plaintiff's overtime pay rather than § 510. As the Defendants assert, and the Plaintiff does not deny, the CBA in this case does satisfy the requirement of § 514. The CBA expressly provides for wages, hours of work, working conditions, premium wage rates for all overtime hours worked,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02440-DOC-DFM  Date: March 26, 2021
Case No. SA CV 21-00320-DOC-DFM

Page 6

and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage. Opposition ("Opp'n.") (Dkt 21) at 5–6. Thus, similar to the plaintiff's overtime claim in *Curtis*, Plaintiff's overtime claim here "fails at step one of the preemption analysis," *Curtis*, 913 F.3d at 1155, because Plaintiff's CBA satisfies § 514 and so his overtime claim is governed by the CBA rather than state law.

Plaintiff cites to *Andrade v. Rehrig Pac. Co.*, No. CV201448FMORAOX, 2020 WL 1934954, at *1 (C.D. Cal. Apr. 22, 2020), for the proposition that claims under § 510 can nevertheless be remanded back to state court. The plaintiff in *Andrade* asserted his overtime claim under Cal. Lab. Code §§ 1194 & 1198. Id. at *1. And the court in that case hung its decision to remand on the fact that "§ 514 does not abrogate plaintiff's rights under § 1194." *Id.* at *3. The same is true for *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932 (C.D. Cal. 2014), another case that Plaintiff cites to for the proposition that a claim under § 510 does not necessarily give this Court federal question jurisdiction. Plaintiff here, however, has only pleaded his overtime claim under § 510. And the case with claims most analogous to the ones here is *Vasquez v. Packaging Corp. of Am.*, No. CV191935PSGPLAX, 2019 WL 4543106 (C.D. Cal. June 7, 2019), where the plaintiff only plead his overtime claim under § 510, and the district court denied the plaintiff's motion to remand for the same reasons that we have set out above.

In sum, the Court finds that Plaintiff's overtime claim is preempted under the LMRA and therefore the Court has federal question jurisdiction over it.

### B. Remaining Claims

Many of the remaining causes of action are derivative of Plaintiff's overtime claim. For example, Plaintiff asserts that Defendant failed to provide accurate wage statements (Sixth Cause of Action) because it "failed identify the applicable pay period in which the wages are earned for . . . 'ADJ Overtime.'" *See* Compl. ¶ 104–105. Plaintiff's UCL claim (First Cause of Action) also references defendant's "fail[ure] to provide . . . overtime . . . wages owed." Id. ¶ 53. Plaintiff's only argument against supplemental jurisdiction is that this Court does not have jurisdiction over the overtime claim and therefore, does not have supplemental jurisdiction over the remaining claims. As discussion above, however, this Court does have jurisdiction over Plaintiff's overtime claim. As such, the Court finds that Plaintiff's remaining claims are likewise preempted by the LMRA.

### C. PAGA Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-02440-DOC-DFM  Date: March 26, 2021
Case No. SA CV 21-00320-DOC-DFM

Page 7

For the same reasons set out above, this Court has jurisdiction over Plaintiff's PAGA claims.

## IV. Disposition

For the reasons set forth above, the Court DENIES Plaintiff's Motions to Remand.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                   Initials of Deputy Clerk: kd

CIVIL-GEN