JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JAUREGUI and JAVIER DEL REAL, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br>      Plaintiffs,<br>vs.<br><br>CYTEC ENGINEERED MATERIALS INC., a Delaware corporation, CYTEC INDUSTRIES INC., a Delaware corporation, CYTEC AEROSPACE MATERIALS (CA) INC., a California corporation, CYTEC PROCESS MATERIALS (CA) INC., a Delaware corporation, SOLVAY USA INC., a Delaware corporation, SOLVAY CHEMICALS, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br>      Defendant. | CASE NO. **8:20-cv-02440-DOC-DFMx**<br><br>Assigned to: Hon. David O. Carter<br><br>**ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |

JS-6

On April 25, 2022, a hearing was held on the motion of Plaintiffs Jose Jauregui and Javier Del Real ("Plaintiffs") for final approval of the class settlement (the "Settlement") with Defendants Cytec Engineered Materials Inc., Cytec Industries Inc., Cytec Aerospace Materials (CA) Inc., Cytec Process Materials (CA) Inc., Solvay USA Inc., and Solvay Chemicals, Inc. (collectively "Defendants") and payments to the Class, the Plaintiffs, Class Counsel, the Grievants, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its January 7, 2022 order (Docket No. 52) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Order and Judgment, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1131 and 1367. The Court finds that the CAFA Notice has been served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA").

3. In the Preliminary Approval Order, this Court certified the Class for

JS-6

settlement purposes only.  For settlement purposes, the Court confirms the certification of the Class which is defined as all individuals who are or previously were employed by Defendants in California who were classified as non-exempt employees at any time during the Class Period."  The Class Period is the time period from October 14, 2016 to October 14, 2021.  All persons who meet the foregoing definition are members of the Class as there were no individuals who submitted a request for exclusion ("opt out") from the Class.

4. Pursuant to the Preliminary Approval Order, the Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was sent to each class member by first-class mail.  The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. No Class Members filed written objections to the proposed settlement as part of this notice process.

7. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally

JS-6

approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8.  The Court finds and determines that the all-inclusive Gross Settlement Amount in the maximum amount of One Million Five Hundred Thousand Dollars ($1,500,000) and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable.  The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member in accordance with the Agreement.

9.  The Court finds and determines that the fees and expenses of ILYM Group in administrating the settlement, in the amount of $20,000, are fair and reasonable.  The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10.  The Court approves the PAGA Payment of $30,000, which shall be allocated $22,500 to the LWDA (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA, and $7,500 to be distributed to the Aggrieved Employees based on their respective pay periods worked during the PAGA Period (October 14, 2019 to October 14, 2021).  The "Aggrieved Employees" are all individuals who were employed by Defendants in California who were classified as non-exempt employees at any time during the PAGA Period.  All Aggrieved Employees will be sent their share of the PAGA Payment and will be subject to the release of the Released PAGA Claims as set forth below, whether or not they opt out of the Settlement.

11.  The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Service Payments and the attorneys' fees and

JS-6

1  costs pursuant to the Agreement are fair and reasonable. The Court hereby grants
2  final approval to and orders that the payment of the amount of $ 10,000 to each of
3  the Plaintiffs for their Class Representative Service Payments, $500,000 for
4  attorneys' fees to Class Counsel, $1,000 to each of Regina Aldana and Sandra
5  Gutierrez ("the Grievants"), and $36,783.02 for reimbursement of costs be paid out
6  of the Gross Settlement Amount in accordance with the Settlement.

7      12. Upon the Effective Date, the Defendants and Released Parties shall be
8  released by the Participating Class Members of all Released Class Claims.
9  "Released Class Claims" are all applicable California wage and hour claims, rights,
10 demands, liabilities and causes of action, whether known or unknown, arising from
11 the claims alleged in the operative complaint in the Action, or that could have been
12 alleged based upon the facts alleged in the operative complaint in the Action against
13 Defendants, which arose during the Class Period, including claims for: violations of
14 California Labor Code §§ 226.7, 510 et seq., 512, 558, 1194, 1197, 1197.1, 1198,
15 or 2802; failure to pay all wages in a timely manner in violation of California Labor
16 Code §§ 200, 201, 202, 203, 204, 210, 233, 246, 248, and 248.5; failure to provide
17 accurate wage statements in violation of California Labor Code § 226; unfair
18 competition; failure to provide sick pay; violations of the California Labor Code
19 Private Attorney General Act, Labor Code § 2698 et seq.; civil penalties pursuant to
20 Labor Code § 2699 et seq.; claims under California Business & Professions Code
21 §§ 17000 and 17200, et seq.; claims under California Code of Regulations, Title 8,
22 Section 11040, Subdivision 5(A)-(B); and any damages, penalties, restitution,
23 disgorgement, interest or attorneys' fees as a result thereof, and expressly excluding
24 all other claims, including claims for vested benefits, wrongful termination,
25 unemployment insurance, disability, social security, workers' compensation, and
26 class claims outside of the Class Period and PAGA claims outside of the PAGA
27 Period.
28

JS-6

13.   As of the Effective Date, Defendants shall receive a release from the State of California of all PAGA claims pled in the operative complaint or that could have been pled based on the factual allegations contained in the operative complaint or any amendments thereto in the Action and PAGA letters sent by Plaintiffs that occurred during the PAGA Period as to the Aggrieved Employees which includes PAGA claims for violation of violation of California Labor Code §§ 201, 202, 203, 204 et seq., 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s), and expressly excluding all other claims, including claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and PAGA claims outside of the PAGA Period.

14.   Pursuant to the terms of the Agreement, the Plaintiffs also fully and finally releases Defendants and the other Released Parties from any and all claims, known or unknown, contingent or accrued, or transactions or occurrences between them that occurred during the Class Period, whether in tort, contract, or equity, including but not limited to the Released Class Claims, Released PAGA Claims, and any claims arising out of or relating to any work performed by Plaintiffs and/or Plaintiff's engagement to perform any work ("Plaintiff's Released Claims").  This release excludes only the release of claims not permitted by law.

15.   Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendants make payment in accordance with the Agreement.

16.   If, for any reason, the Effective Date (as defined by the Settlement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind

JS-6

by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

17.   The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied by Defendants.

18.   Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

19.   Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Order.

20.   By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

21.   The Parties are hereby ordered to comply with the terms of the Agreement.

22.   This action is dismissed with prejudice as to the claims released by the settlement.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: April 26, 2022
_____

_David O. Carter_
_____
HON. DAVID O. CARTER
U.S. DISTRICT COURT JUDGE